```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
MAN FERROSTAAL, INC.,

                        Plaintiffs,       07 CV 8605 (LBS)

        - against -
                                          ANSWER WITH AFFIRMATIVE
M/V OMER KAPTANOGLU, her engines,         DEFENSES
boilers, tackle, etc., ILERI
DENIZCILIK VE TICARET AS, HACI
ISMAIL KAPTANOGLU SHIPMANAGEMENT
& TRADING, LTD., WESTERN BULK
CARRIERS AS, WESTERN BULK
CARRIERS, KS,

                        Defendants.
------------------------------------X
```

Defendants ILERI DENIZCILIK VE TICARET AS, HACI ISMAIL KAPTANOGLU SHIPMANAGEMENT & TRADING, LTD. (collectively, "answering defendants") answer the Verified Complaint of plaintiff upon information and belief as follows:

FIRST: Answering defendants deny knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2" and "6" of plaintiff's Verified Complaint.

SECOND: Answering defendants deny each and every allegation contained in paragraphs "3", "4", "5", "8" and "9" of plaintiff's Verified Complaint.

THIRD: Paragraph "7" of plaintiff's Verified Complaint calls for neither an admission nor a denial.

<u>AS AND FOR A FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

FOURTH: The Complaint fails to state a claim against answering defendants on which relief can be granted.

1

### AS AND FOR A SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTH: Answering defendants are not liable to plaintiff on the causes of action alleged in the Complaint.

### AS AND FOR A THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTH: If there was any loss and/or damage to cargo as alleged in the Complaint it was occasioned by causes for which the answering defendants are exonerated under the United States Carriage of Goods by Sea Act, Title 46 U.S.C.A. § 1300, et seq.

### AS AND FOR A FOURTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SEVENTH: If this Honorable Court finds that the plaintiff has suffered damages to cargo for which answering defendants are liable, said damages must be limited pursuant to 46 U.S.C.A. 1304(5).

### AS AND FOR A FIFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

EIGHTH: If there was any loss of and/or damage to cargo as alleged in the Complaint, answering defendants are not liable to the plaintiff by reasons of the provisions contained in the bill(s) of lading, contract of carriage, charter party, applicable tariffs, special contract, or dock receipt.

### AS AND FOR A SIXTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

NINTH: If there was any loss/and or damage to cargo as alleged in the Complaint, it was occasioned by causes for which the answering defendants are exonerated under the Harter Act, Title 46 U.S.C.A. § 190, et seq.

<u>AS AND FOR A SEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TENTH:  Answering defendants put plaintiff to its proof of compliance with the provisions for giving of notice and the commencement of suit as provided for in the aforesaid bill(s) of lading and in the United States Carriage of Goods by Sea Act, 1936.

<u>AS AND FOR AN EIGHTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

ELEVENTH: Any loss or damage to the goods, as alleged in the Complaint, that may have occurred while they were in the possession of custody of answering defendants or on board the carrying vessel(s) arose from the conditions of the goods when delivered to answering defendants or from wastage in bulk weights or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by acts or omissions of the shipper(s) or owner of the goods, their agent or representatives, and answering defendants are not under any liability for any such loss or damage.

<u>AS AND FOR A NINTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWELFTH:  (A) Due diligence was used to make the carrying vessel(s) seaworthy and to secure that they were properly manned, equipped and supplied, and to make the holds and other parts of the ships in which the goods were carried safe and fit for their reception, carriage and preservation in accordance with the provisions of the United States Carriage of Goods by Sea Act, 1936 and the aforesaid bill(s) of lading.

(B) Accordingly, if the goods sustained any loss or damage while they were on board the carrying vessel(s), due to any unseaworthiness of the vessels, which is denied, answering defendants are not under liability therefore.

AS AND FOR A TENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

THIRTEENTH: Plaintiff's claim is barred by the statute of limitations contained in both the aforesaid bill(s) of lading and the United States Carriage of Goods by Sea Act, 1936 and/or the doctrine of laches.

AS AND FOR AN ELEVENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH: Any damages sustained by plaintiff, as alleged in the Complaint, were proximately, directly, and solely caused by the negligent acts of third persons over whom answering defendants had and have no direction or control.

AS AND FOR A TWELFTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH: Plaintiff knowingly and intentionally assumed any and all risks inherent in the shipment(s) of the goods at issue by sea, which is a complete bar to recovery.

AS AND FOR A THIRTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE

SIXTEENTH: Any injuries that may have been sustained by plaintiff, as alleged in its Complaint, occurred as a direct result of plaintiff's own negligent conduct, and not by any negligence of answering defendants and as such plaintiff is barred from recovery in this action.

<u>AS AND FOR A FOURTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

SEVENTEENTH:  Plaintiff is guilty of culpable conduct in the events giving rise to the claims now asserted in plaintiff's Complaint, and its recovery, if any, must be diminished in proportion thereto.

<u>AS AND FOR A FIFTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

EIGHTEENTH:  Plaintiff herein has failed to mitigate its damages.

<u>AS AND FOR A SIXTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

NINETEENTH:  The forum is inconvenient and the Complaint should be dismissed pursuant to the Doctrine of <u>Forum Non Conveniens</u>.

<u>AS AND FOR A SEVENTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTIETH:  The action, or part thereof, is founded upon improper venue and/or should be transferred pursuant to 28 U.S.C. §1404.

<u>AS AND FOR A EIGHTEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FIRST: The terms of the bill of lading, tariff and/or other governing contracts between the parties require that this matter be heard in a forum other than this Court.

<u>AS AND FOR AN NINETEENTH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SECOND: Plaintiff has failed to bring answering defendants within the personal jurisdiction of the Court.

<u>AS AND FOR A TWENTIETH SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-THIRD:  This Court lacks personal jurisdiction of the answering defendants.

<u>AS AND FOR A TWENTY-FIRST SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FOURTH: Plaintiff has failed to make proper service of process upon answering defendants.

<u>AS AND FOR A TWENTY-SECOND SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-FIFTH:  This Answer is made without waiver of any jurisdictional defenses or rights to arbitrate that may exist between the parties.

<u>AS AND FOR A TWENTY-THIRD SEPARATE AND COMPLETE AFFIRMATIVE DEFENSE</u>

TWENTY-SIXTH: Defendant was an agent for a disclosed principal at all times at issue and therefore is not liable on the causes of action alleged.

WHEREFORE, answering defendants demand judgment dismissing the Verified Complaint herein, and awarding to answering defendants costs, fees, including reasonable attorneys' fees and disbursements of this action, and further demands judgment for such other and further relief as to the Court may seems just and proper.

Dated: New York, New York
       May 22, 2008

>                    MAHONEY & KEANE, LLP
>                    Attorneys for Defendants
>                    ILERI DENIZCILIK VE TICARET AS,
>                    HACI ISMAIL KAPTANOGLU
>                    SHIPMANAGEMENT & TRADING, LTD.,
>                    WESTERN BULK CARRIERS AS, and
>                    WESTERN BULK CARRIERS, KS
>
>              By: _____
>                    Garth S. Wolfson (GW 7700)
>                    11 Hanover Square, Tenth Floor
>                    New York, New York 10005
>                    (212) 385-1422
>                    File No.: 19/3488/B/07/10

TO:  KINGSLEY, KINGSLEY & CALKINS
     Attorneys for Plaintiff
     91 West Cherry Street
     Hicksville, N.Y. 11801
     (516) 931-0064